IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Combe Incorporated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Inova Urun Gelistirme ve Kozmetik Uretim<br>Ltd. Sti. d/b/a Inova Cosmetics<br><br>　　　　　　　　Defendant. | Civil Action No. 7:21-cv-09308-PMH<br><br>**STIPULATION, CONSENT JUDGMENT, AND PERMANENT INJUNCTION** |

WHEREAS, Plaintiff brought this suit against Defendant for infringement of Plaintiff's U.S. Patent Nos. 9,237,993 ("the '993 patent"), 9,474,704 ("the '704 patent"), and 10,022,312 ("the '312 patent") (collectively, "Asserted Patents") based on Defendant's unauthorized importation, sale, and/or offer for sale of its White to Black Grey Coverage Shampoo ("White to Black shampoo").

WHEREAS, Defendant wishes to conclude this litigation at this stage without an admission of wrongdoing and/or contesting infringement, validity, or enforceability of any claims of the Asserted Patents; and

WHEREAS, Plaintiff and Defendant, through their respective counsel, hereby agree to entry of this Stipulation, Consent Judgment, and Permanent Injunction ("Consent Judgment"), subject to the approval of the Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED, AND ADJUDGED:

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

2. This Court has jurisdiction over Defendant and the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) § 1400(b).

3. Plaintiff is the owner of all right, title, and interest in and to the Asserted Patents.

4. Defendant does not contest, for purposes of this Consent Judgment and any enforcement thereof, that all of claims 1-18, 20-23, and 25-27 of the '993 patent, claims 1-20, 22-23, and 25-26 of the '704 patent, and claims 1-17 of the '312 patent are valid and enforceable.

5. Judgment is entered for Plaintiff and against Defendant in the amount of $101,000.

6. Effective as of the date this Consent Judgment is entered by the Court, Defendant and its subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with any of the foregoing, are hereby permanently enjoined and restrained from engaging in any of the following activities:

    a. making, using, selling, or offering for sale in the United States or its territories, or importing into the United States or its territories, during the remaining term of the Asserted Patents, (i) White to Black shampoo or SoapCover products (except the SoapCover product as defined in Schedule A), and (ii) any substantial equivalents or modifications thereof that would infringe any of Plaintiff's intellectual property;

    b. otherwise directly infringing, contributorily infringing, or inducing infringement of any of Plaintiff's intellectual property, including the Asserted Patents, with respect to (i) White to Black shampoo or SoapCover products

      (except the SoapCover product as defined in Schedule A), and (ii) any substantial equivalents or modifications thereof that would infringe any of Plaintiff's intellectual property; and

    c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

7. Defendant shall notify its customers that they are similarly prohibited from:

    a. making, using, selling, or offering for sale in the United States or its territories, or importing into the United States or its territories, during the remaining term of the Asserted Patents, (i) White to Black shampoo or SoapCover products (except the SoapCover product as defined in Schedule A), and (ii) any substantial equivalents or modifications thereof that would infringe any of Plaintiff's intellectual property;

    b. otherwise directly infringing, contributorily infringing, or inducing infringement of any of Plaintiff's intellectual property, including the Asserted Patents with respect to (i) White to Black shampoo or SoapCover products (except the SoapCover product as defined in Schedule A), and (ii) any substantial equivalents or modifications thereof that would infringe any of Plaintiff's intellectual property; and

    c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

8. Defendant and Plaintiff shall bear their own costs and attorney fees.

9. This Consent Judgment constitutes a final judgment concerning the subject matter of this action.

10. Defendant waives any right to appeal from this Consent Judgment.

11. Upon entry of this Consent Judgment, this action is dismissed with prejudice, provided, however, that this Court shall retain jurisdiction to enforce the provisions of this Consent Judgment.

SO ORDERED:
Dated: White Plains, New York
April 11, 2023

_____
The Honorable Philip Halpern
United States District Judge

STIPULATED AND CONSENTED TO:

/s/
Crew Schielke

ONAL GALLANT & PARTNERS
619 River Dr., Suite 340
Elmwood Park, NJ 07407
(201) 500-5490
crew@ogplawfirm.com

*Attorneys for Inova Urun Gelistirme ve Kozmetik Uretim Ltd. Sti.*

/s/Ha Kung Wong
Ha Kung Wong
Jason M. Okun
VENABLE LLP
151 W. 42nd Street
New York, NY 10036
(212) 307-5500
hwong@venable.com
jokun@venable.com

*Attorneys for Combe Incorporated*